IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                      No. CV 13-0653 LH/KBM
                                                                                                                                       CR 11-0290 LH

HECTOR CORDOVA,

    Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant Hector Cordova's Motion to Vacate and Correct Illegal Sentence (CV Doc. 1; CR Doc. 70) filed on July 15, 2013. Defendant raises several claims of ineffective assistance of counsel resulting in an illegal sentence. The Court will require Defendant to show cause why his motion should not be dismissed as untimely.

On June 6, 2012, the Court entered judgment (CR Doc. 64) on Defendant's conviction and sentence. Defendant did not appeal the judgment, and thus his conviction became final on or about June 20, 2012. *See United States v. Sandoval*, 371 F. App'x 945, 948 n. 2 (10th Cir. 2010). More than a year later, on July 15, 2013, Defendant filed this motion under 28 U.S.C. § 2255.[1]

Although Defendant asserts that his § 2255 motion is timely, the dates above indicate otherwise. Defendant will be required to show cause why his § 2255 motion should not be dismissed as untimely. The applicable one-year limitation period in § 2255 had expired when Defendant filed

---

[1] On p. 16 of the motion, Defendant states that he placed the motion in the prison mail system on June 25, 2013. The envelope, however, has no indication confirming this assertion. Furthermore, a USPS certified mail sticker is affixed to the envelope. The USPS website, https://tools.usps.com/go/TrackConfirmAction.action, indicates that the motion was mailed on July 11, 2013. The motion appears to be untimely even if it was placed in the prison mail system on June 25, 2013.

his § 2255 motion, *cf. United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000), and the motion must be dismissed unless he establishes grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec. 13, 1999). The Court raises the time bar to Defendant's § 2255 motion *sua sponte* and will allow him an opportunity to respond to this Order. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding). If Defendant fails to respond to this Order or otherwise show cause, the § 2255 motion may be dismissed without further notice. *See* § 2255 R. 4.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Defendant Cordova file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely;

IT IS FURTHER ORDERED that, within the same thirty (30) days, Plaintiff may, but is not required to, file a response to this Order addressing only the timeliness of Defendant Cordova's § 2255 motion.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE