# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                No. CR 11-00290 JAP
                                                        No. CV 18-00353 JAP/KK

HECTOR CORDOVA,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Hector Cordova's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255 (Doc. 128) ("§ 2255 Petition"). The Petition is a second or successive motion under 28 U.S.C. § 2255, the Tenth Circuit Court of Appeals has denied authorization for Cordova to proceed on the Petition, and the Court will dismiss the Motion for lack of jurisdiction.

Cordova filed his § 2255 Petition on April 16, 2018, challenging his conviction for distribution of methamphetamine. (Doc. 128). Because Cordova had filed a previous motion under § 2255 challenging the same conviction (Doc. 70), his current § 2255 Petition is a second or successive § 2255 motion subject to the requirements of 28 U.S.C. § 2255(h).

Section 2255(h) provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

1

constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Proceeding under § 2244(b)(3)(A), Cordova filed a request for authorization in the United States Court of Appeals for the Tenth Circuit at the same time he filed his § 2255 Petition in this Court. (Doc. 127). On April 23, 2018, the Tenth Circuit Court of Appeals denied Cordova authorization to proceed on his § 2255 Petition. (Doc. 132). The Tenth Circuit expressly rejected Cordova's argument that the U.S. Supreme Court's decision in *Nelson v. Colorado*, 137 S.C.t 1249 (2017) provides him a basis to proceed on a second § 2255 motion under 28 U.S.C. § 2255(h). (Doc. 132 at 1-2).

Cordova has been denied authorization to proceed on his § 2255 Petition. This Court lacks jurisdiction to consider his § 2255 Petition. 28 U.S.C. § 2244(b)(3)(A). Generally, when a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Because the Tenth Circuit has denied Cordova authorization to proceed, this Court will decline to transfer and will dismiss the § 2255 Petition.

The Court also denies Cordova a Certificate of Appealability under Rule 11(a) of the Rules Governing Section 2255 Cases. The Tenth Circuit stated that its "denial of authorization 'shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of

certiorari.'" (Doc. 132 at 2, quoting 28 U.S.C. § 2244(b)(3)(E)). This Court similarly will deny a Certificate of Appealability.

**IT IS ORDERED** that Movant Hector Cordova's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255 (Doc. 128) is **DISMISSED** for lack of jurisdiction, a Certificate of Appealability is **DENIED**, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE